25 F.3d 1047
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Michael B. DEDE, Plaintiff-Appellant,
v.
Captain Robert BAKER, Defendant-Appellee.
 No. 93-2319.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1994.
 
 Before: JONES, RYAN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Michael B. Dede, pro se, appeals a district court order granting the defendant's motion for summary judgment and denying the plaintiff's motion for summary judgment. Dede filed his complaint pursuant to 42 U.S.C. Sec. 1983. This court granted Dede's motion for leave to proceed in forma pauperis.
 
 
 2
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint, Dede alleged that an administrator for the Muskegon County jail, in Muskegon, Michigan, denied Dede his constitutional right of due process by failing to hold any hearing on certain incident reports written against him while housed at that facility. Because these reports were based on Dede's misconduct, Dede was subsequently deprived of television and telephone privileges for a brief period of time. Dede also stated that these reports caused him to be confined in administrative segregation upon his transfer to the State Prison of Southern Michigan (SPSM) in August of 1989. The matter was referred to a magistrate judge, who recommended that the case be dismissed on the basis that Dede had failed to plead and prove the inadequacy of state remedies before the plaintiff resorted to his damages action for deprivation of procedural due process under Sec. 1983. The district court adopted this rationale but characterized this as Dede's failure to "exhaust his state court remedy."
 
 
 4
 On appeal, Dede alleges that: 1) the district court failed to discuss the "pivotal issues" of whether he was afforded due process or whether the defendant's acts were random and unauthorized under the holding set forth in Parratt v. Taylor, 451 U.S. 527 (1981), overruled in part by Daniels v. Williams, 474 U.S. 327 (1986); 2) the district court failed to consider whether the state provides an adequate predeprivation or post-deprivation hearing process; 3) the district court incorrectly assumed that Dede was given a hearing surrounding the loss of privileges, when, in fact, no such hearing was conducted; and 4) the district court incorrectly stated that Dede must exhaust his remedies before filing his civil rights suit under 42 U.S.C. Sec. 1983.
 
 
 5
 This court's review of a grant of summary judgment is de novo, using the same test as used by the district court. Deaton v. Montgomery County, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993). Contrary to the district court's findings, exhaustion is not required to avoid dismissal of a due process claim under Sec. 1983. Patsy v. Board of Regents, 457 U.S. 496, 512 (1982). However, this case may dismissed for reasons other than that stated by the district court. Jarrett v. Kassel, 972 F.2d 1415, 1429 (6th Cir.1992), cert. denied, 113 S.Ct. 1272 (1993).
 
 
 6
 Dede has not presented a policy or rule with mandatory language that has created a liberty interest in remaining free from the punishment imposed upon Dede, and there is no constitutional right to have continuous access to a television and telephone while incarcerated. Hewitt v. Helms, 459 U.S. 460, 466 (1983); Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). Even if Dede did have a liberty interest in this case, Dede must still plead or show that the state's post-deprivation remedies are inadequate to redress the alleged wrong before his claim is cognizable in federal court when no prison hearing has been provided. Gibbs v. Hopkins, 10 F.3d 373, 378 (6th Cir.1993); Vicory v. Walton, 721 F.2d 1062, 1066 (6th Cir.1983), cert. denied, 469 U.S. 834 (1984). No procedural due process violation has occurred when state law procedures are adequate to consider a claim for damages for the asserted violation. Gibbs, 10 F.3d at 378. Lastly, because Baker was not the responsible party for Dede's placement after the prisoner's transfer to a Michigan state prison facility, Baker cannot be held liable for any decision by the Michigan Department of Corrections to place Dede in administrative segregation after his transfer from the Muskegon County jail.
 
 
 7
 Accordingly, the district court's order granting the defendant's motion for summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.